IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LISCHEFSKI,

        Plaintiff,                    No. 2:11-cv-3267 LKK KJN P

    vs.

C/O WEATHERWAX, et al.,

        Defendants.            <u>ORDER</u>

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner, proceeding without counsel, and is challenging the conditions of his confinement while incarcerated at the California Medical Facility ("CMF") in 2008. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On September 2, 2010, defendant Williams removed the instant action from Solano County Superior Court, and paid the $350.00 filing fee. Defendants Weatherwax and Dickinson have not yet been served.

II. <u>Summary of State Court Amended Complaint</u>

        In his amended complaint dated December 3, 2010, plaintiff names as defendants Warden Dickinson, and Correctional Officers Williams and Weatherwax. All of the defendants are employees of CMF, where the events at issue allegedly occurred. Plaintiff filed a personal

1

injury complaint seeking compensatory damages in excess of $25,000.00, and punitive damages. (Dkt. No. 1-3 at 1, 3.) Plaintiff alleges he suffered general damage, as well as "MRSA contracted due to professional negligence that resulted in extensive medical treatment and CDC's broad denial exacerbates conditions." (Dkt. No. 1-3 at 3.) Plaintiff also pleads a general negligence cause of action based on defendants' failure "to ensure clean laundry was done in a weekly fashion according to rules in a Medical facility," from April 25, 2008, to October 25, 2008, to the present.[1] (Dkt. No. 1-3 at 4.) Plaintiff includes a premises liability cause of action based on (a) defendant Weatherwax's alleged "deliberate negligence of CDC C/O's and staff for a period of over three months without clean linen or clothes," (b) defendant Dickinson alleged "negligent[] maintain[enance of] CMF by not ensuring basic needs were met; and (c) defendant Williams was allegedly deliberately indifferent to the health, welfare and safety of inmates at CMF by failing to ensure clean clothes and linen were distributed on a weekly basis. (Dkt. No. 1-3 at 5.) Finally, plaintiff alleges an intentional tort cause of action based on defendants failure to ensure clean laundry was done weekly, which caused a MRSA outbreak that could have been fatal to plaintiff. (Dkt. No. 1-3 at 6.)

III. Removal and Remand

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. However, a case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide

---

[1] Court records reflect plaintiff is now housed at Mule Creek State Prison in Ione, California, and it is unclear on what date plaintiff was transferred from CMF. In any second amended complaint, plaintiff should make clear the duration of the alleged deprivation.

1  Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question
2  jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal
3  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
4  pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff
5  may avoid federal jurisdiction by exclusive reliance on state law. Id.; see also Phillips Petroleum
6  Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed
7  upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not
8  avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of
9  action and anticipates or replies to a probable defense.'") (internal citations omitted).
10 IV.  Analysis
11         Defendant Williams removed plaintiff's complaint based on federal question
12 jurisdiction under 28 U.S.C. § 1441(b), contending that the action "arises under 42 U.S.C. § 1983
13 as it makes a claim under the Eighth and Fourteenth Amendments of the United States
14 Constitution," and that the court has supplemental jurisdiction under 28 U.S.C. § 1367 as to
15 plaintiff's remaining claims.
16         However, the court has reviewed plaintiff's state court complaint and finds it is
17 not clear that plaintiff intended to pursue claims under the Eighth and Fourteenth Amendments.
18 Plaintiff used a California state civil case complaint form to describe his case as a personal injury
19 action, but refers to negligent and grossly negligent acts.
20         "The Eighth Amendment's prohibition against cruel and unusual punishment
21 protects prisoners not only from inhumane methods of punishment but also from inhumane
22 conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
23 Extreme deprivations are required to make out a conditions of confinement claim, and only those
24 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to
25 form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).
26 Prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 847 (1994).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834.  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 835.  Deliberate indifference is the reckless disregard of a substantial risk of serious harm.  See Farmer, 511 U.S. at 836.  Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Id., 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  The defendant's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

        Here, while it appears plaintiff claims defendant Weatherwax acted with reckless and callous indifference to plaintiff's Fourteenth and Eighth Amendment rights, plaintiff includes this claim in his general negligence cause of action.  Plaintiff claims that other defendants failed to do their jobs, which does not, without more, rise to the level of deliberate indifference.  While plaintiff on occasion references the Eighth and Fourteenth Amendments, he filed his complaint in state court raising negligence and other state law claims, without specifying a desire to pursue a civil rights claim under the Eighth or Fourteenth Amendments.[2]

---

[2] Indeed, at one point plaintiff states that "[t]he case should/could be a class action as the reckless and callous indifference to many HIV/AIDS inmates' 14th and 8th amendment rights in an HIV/AIDS medical facility, which would/should evoke extra precautions toward clean linen and clothes." (Dkt. No. 1-3 at 4.)  This conditional statement, however, is insufficient to confer federal jurisdiction.  Plaintiff recognizes that this case cannot proceed as a class action because

4

Accordingly, plaintiff is directed to inform the court, by filing the appropriate second amended complaint, whether he intended to pursue a civil rights action alleging violations of the Eighth Amendment, or whether his intention was to pursue state law claims in state court. If plaintiff is seeking relief solely based on allegations that defendants were negligent, rather than deliberately indifferent, which is a higher standard to meet, plaintiff should amend his claims to remove all references to the Fourteenth and Eighth Amendments, and ask the court to remand this case to state court. If plaintiff can allege facts demonstrating that defendants acted with a culpable state of mind, plaintiff should file a second amended complaint under 42 U.S.C. § 1983 alleging facts demonstrating he can meet the above deliberate indifference standards. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). If plaintiff chooses to file a second amended complaint under 42 U.S.C. § 1983, he is advised of the following.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v.

---

plaintiff is a non-lawyer proceeding without counsel. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966) (It is well established that a layperson cannot ordinarily represent the interests of a class.) Thus, in any second amended complaint, plaintiff should refrain from including general allegations as to other inmates at CMF, and raise allegations specific to plaintiff alone.

1  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2        In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Election, and submit the following documents to the court:

      a.  The completed Notice of Election; and

      b.  If plaintiff intended to pursue federal civil rights claims, he shall file an original and one copy of the second amended civil rights complaint under 42 U.S.C. § 1983, as set forth above; plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

      c.  If plaintiff intended to pursue state law claims only, he shall file an amended personal injury complaint, as set forth above, and include the Solano County Superior Court case number, and seek remand to the Solano County Superior Court;

      2. The Clerk of the Court is directed to send plaintiff a copy of plaintiff's December 3, 2010 amended complaint (dkt. no. 1-3 at 1-7), and the form for filing a civil rights complaint by a prisoner; and

////

1      3. Plaintiff is cautioned that failure to comply with this order may result in a
2 recommendation that this action be dismissed.
3 DATED: May 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lisc3267.14

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  JOHN LISCHEFSKI,
11         Plaintiff,                  No. 2:11-cv-3267 LKK KJN P
12      vs.
13  C/O WEATHERWAX, et al.,            NOTICE OF ELECTION
14         Defendants.
15  _____/
16         Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18         _____         Second Amended Complaint under 42 U.S.C. § 1983
19              or
20         _____         Proposed Second Amended Complaint raising
21                               only state law claims and request for remand
22                               to Solano County Superior Court
23  DATED:
24
25                                         _____
                                           Plaintiff
26
```