IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LISCHEFSKI,

       Plaintiff,                No. 2:11-cv-3267 LKK KJN P

    vs.

C/O WEATHERWAX, et al.,

       Defendants.         ORDER

_____/

       Plaintiff requests a ninety-day extension of time within which to respond to the court's order filed May 15, 2012 (Dkt. No. 9), wherein the court directed plaintiff to file a "Notice of Election," and either:  (1) a Second Amended Complaint, which includes the above-noted federal court case number, and sets forth plaintiff's claims under an Eighth Amendment deliberate indifference standard; or (2) an amended personal injury/negligence complaint, based on state law, which includes the original Solano County Superior Court case number assigned this case, and a request to this court to remand this action back to the Solano County Superior Court.

       Plaintiff also requests appointment of counsel, to assist plaintiff in his decision and in the preparation of an amended complaint.  Plaintiff states that he should be appointed counsel because he has no formal training in the law, has limited access to the prison law library,

1  and limited capacity to obtain the names of other prisoners who have contracted MRSA, or

2  witnesses thereto, noting that his claims may best be pursued as a class action.  Petitioner also

3  notes that he is currently scheduled to be paroled on October 17, 2012.

4          The United States Supreme Court has ruled that district courts lack authority to

5  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

6  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

7  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

8  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

10 likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims

11 pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965,

12 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

13 burden of demonstrating exceptional circumstances is on the plaintiff.  Id. at 970.  Circumstances

14 common to most prisoners, such as lack of legal education and limited law library access, do not

15 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

16         Having considered the factors under Palmer, the court finds that plaintiff has

17 failed to meet his burden of demonstrating exceptional circumstances warranting the

18 appointment of counsel at this time.  Plaintiff's request will therefore be denied without

19 prejudice.  However, plaintiff's request for an extension of time will be granted.

20          Accordingly, IT IS HEREBY ORDERED that:

21         1.  Plaintiff's June 11, 2012 request for appointment of counsel (Dkt. No. 10) is

22 denied without prejudice;

23         2.  Plaintiff's June 11, 2012 motion for an extension of time (Dkt. No. 10) is

24 granted; and

25 ////

26 ////

3.  Plaintiff is granted ninety (90) days from the filing date of this order in which to respond to the court's order filed May 15, 2012.

DATED:  June 18, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lisc3267.31+36